### WOOD ET ALS. *vs.* FOSTER.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

If it appear from the allegations in the petition that the plaintiff's claim is based upon the illegal acts of the defendant, it constitutes an offence or *quasi* offence, and the action is barred by the prescription of one year.

If the cause of action be stated *ex delicto*, an amendment which alleges a contract or *quasi* contract, cannot be received.

This suit was brought to recover the value of a quantity of pickled pork. The petition was filed on the 29th December, 1829, and set forth, that in the year 1826, the firm of Foster & Hutton, of which the defendant was surviving partner, illegally obtained possession of a quantity of pork without the consent or knowledge of the plaintiffs, who were the owners thereof. To this action the defendant put in the plea of pre-scription, which being overruled, he pleaded the general issue.

The plaintiffs subsequently amended their petition by setting forth the manner in which Foster & Hutton became possessed of the pork. This amendment was opposed by the defendant's counsel as altering the case ; an exception, to wit, prescription, having been pleaded to the action as it stood by the original petition.

The Court *a quo* received the amendment, and the defendant took a bill of exceptions. There was judgment for the plaintiffs, and the defendant appealed.

EASTERN DIST.:
*February,* 1832.

WOOD ET ALS.
*vs.*
FOSTER.

*Strawbridge,* for appellant, contended :

That the action was barred, and the judge erred in over-ruling the plea of prescription.

*Maybin, contra.*

*Mathews, J.* delivered the opinion of the court.

In this case the plaintiffs claim from the defendant as surviving partner of Foster & Hutton, the value of a certain quantity of pickled pork, of which they allege possession was illegally obtained by said Foster & Hutton in the year 1826, without their knowledge or consent, although they were then owners of said pork. To the petition having these allegations, the defendant pleaded the peremptory exception of prescription, which was overruled by the court below, and an answer filed containing the general issue. The plaintiffs afterwards, by leave of the court, amended their petition by stating explicitly the manner in which the property in dispute came into the possession of Foster & Hutton. The defendant, by his counsel, opposed this amendment as changing the nature of the original action, and took an exception to the opinion of the judge by which it was permitted. The cause was tried on the petition as amended. The plaintiffs obtained final judgment, and the defendant appealed.

The allegations in the original petition seem to base the claim of the plaintiffs on illegal acts of the defendant which would constitute an offence or *quasi* offence ; and if his responsibility rests on either of these, the action is barred by the lapse of one year from the date when the injury was done, according to the *article* 3501 *of the Louisiana Code.*

The cause of action being stated *ex delicto,* the demand must be considered substantially one for reparation of damages caused by an illegal act, and an amendment to the petition

*If it appear from the allegations in the petition that the plaintiffs claim is based upon the illegal acts of the defendant, it constitutes an offence or* quasi *offence, and the action is barred by the prescription of one year.*

which alleges a contract or *quasi* contract, would alter the substance of the original demand, contrary to the *article* 419 of the *Code of Practice*, which does not permit such amendments after issue joined. We must, therefore, examine the case on the original pleadings, rejecting the amendment to the petition as having been originally allowed. The complaint of the plaintiff is, (as has already been stated) that their property was illegally taken possession of by a commercial firm of which the defendant is the surviving partner. The suit in this respect seems to be intended to enforce the performance of an obligation not arising from a contract either express or implied by law, but one created by the acts of Foster & Hutton, injurious to the plaintiffs, without relation to any agreement; a consequence of an act by which they were deprived of the enjoyment and possession of their property; an injury done not in violation of any contract or *quasi* contract, but by illegal conduct in taking property without the consent of those who allege themselves to have been owners.

From these premises, we conclude that the court below erred in overruling the plea of prescription put in by the defendant, believing that the action cannot be legally sustained in its present form, although according to what is exhibited by the amended petition and the evidence of the case, received in pursuance of the allegations contained in that amendment, the appellees may possibly have a right to recover in an action based on a contract or *quasi* contract. The service of citation was made on the thirtieth of December, 1829; the trespass, as alleged, was in 1826. These facts show that the prescription of one year had been completed long before the commencement of the suit.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled: And it is further ordered, that this suit be dismissed at the costs of the plaintiffs and appellees, in both courts, reserving to them the right to pursue their claim in any other action which may be tolerated by law.