EASTERN DIST.<br>
May, 1836.

FLEYTAS<br>
vs.<br>
PIGNEGUY.

9 419<br>
e116 134

## FLEYTAS vs. PIGNEGUY.

### APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A solitary instance of ill treatment of the wife by the husband, during a long cohabitation, when the origin of it does not appear, and is not aggravated in its character, will not authorise a judgment of separation from bed and board.

This is an action for separation of bed and board. The plaintiff is the wife of the defendant, and she alleges, her and her husband have been married since the year 1822, and that she has behaved towards him as a good and affectionate wife; but that his violent and quarrelsome disposition, notwithstanding her endeavors to preserve peace and harmony, makes her unhappy; and further, that on the 19th May, 1835, her husband struck her, which, added to his other brutal, abusive and outrageous treatment, renders their living together any longer insupportable. She prays for a decree of the court, separating her in bed and board from her said husband.

The defendant admitted his marriage with the plaintiff, but pleaded a general denial to all the other allegations in the petition.

Upon these pleadings and issue the parties went to trial.

Several witnesses were called, whose testimony comes up with the record. The parish judge was of opinion, on hearing all the evidence, that the defendant had so ill treated the plaintiff, as to render her living with him, any longer, insupportable, and thereupon decreed a separation from bed and board, leaving their property and effects to be regulated by a future arrangement or adjudication. The defendant appealed.

*Morphy* and *Grailhe,* for the plaintiff.

*D. Seghers,* contra.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment of separation from bed and board.

The record presents but one solitary instance of ill treatment. It appears that the parties have been married for a number of years, and have several children. A witness has deposed that she has resided in the house of Mr. and Mrs. Pigneguy, for two years, and that some time in May, 1835, during the evening, she went into Mrs. Pigneguy's room, and found her sitting on the floor, with her head resting on her hands, and declaring one of her eyes was out; on examination, the witness perceived a redness or rather bruise over one of the eyes, and also a redness or contusion of the arms, near the elbow and shoulders, indicating a strong pressure of that limb, and thought she perceived the mark of a nail. Shortly after, the plaintiff, in a paroxism of rage, kicked at the door of the defendant's (husband's) room, with such violence that she burst it open.

Another witness on the part of the plaintiff, (wife,) in relating an account of this domestic broil, states that the defendant remarked he had received a great provocation from his wife. His conduct, however, must be viewed with a considerable degree of aggravation, from the circumstance of the wife being in an advanced state of pregnancy.

It appears from the testimony, she miscarried a short time afterwards; but her physician does not attribute this misfortune to the mal-treatment of her husband. It was occasioned, according to his account, by her over-excitement, violent exertions, and nervous sensibility.

Whatever may be the protection which married women may be entitled to claim from courts of justice, when ill treated by their husbands, we cannot concur with our learned brother, judge of the parish court, that this case presents proper and sufficient causes and grounds, to decree a separation from bed and board.

The testimony shows and proves the defendant in this case to be of a quiet, pacific temper and disposition. He contends, on his part, that his wife (the plaintiff) is of a very different temperament. To rebut her assertions and allegations in the petition, which are denied by his plea of the general issue, he offered a witness to prove that she was possessed of a violent and choleric temper and disposition. Her counsel opposed the introduction of this testimony, which opposition was sustained by the court.

We have no means of ascertaining the origin of this domestic broil. If the presumption in favor of the weak against the strong, operates favorably to the wife as against her husband, the account given of the defendant, in the evidence offered by the plaintiff, balances it. Her subsequent conduct creates some suspicion, that she provoked the defendant to the quarrel. Husbands are men and not angels.

A solitary instance of ill treatment during a long cohabitation, when the origin of it does not appear, and when it is not attended with circumstances which are much aggravated in their character, does not, in our opinion, authorise a judgment of separation from bed and board.

*A solitary instance of ill treatment of the wife by the husband, during a long cohabitation, when the origin of it does not appear, and is not aggravated in its character, will not authorise a judgment of separation from bed and board.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and that there be judgment for the defendant, with costs.