RUSSELL vs. SPRIGG.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING.

The clerk of the District Court is a competent person to become surety in an appeal bond, taken in his own court.

In an action of lesion beyond moiety, the word *imposition* is technical, and does not amount to fraud, which authorizes the vendor to have the sale declared absolutely null and void.

Actions receive their character from the nature of the relief sought, and an amendment which alters the substance of the original demand in this respect, is inadmissible.

So in an action of *lesion outre moitié*, in which it is alleged the vendee effected the sale and purchase by *imposition*, an amended petition is offered, alleging fraud and false promises, it will be disallowed, as changing the substance or nature of the original action.

In an action for the rescission of a sale, on account of lesion, a witness, who is a mortgage creditor of the plaintiff, from the recording of a judicial mortgage, which would attach to the land sought to be recovered, is not incompetent to testify, on the part of the plaintiff, on the score of interest.

This is an action to rescind a sale of a tract of land, on the ground of lesion, beyond moiety.

The plaintiff alleges, that in December, 1828, he arrived in the parish of Rapides, from Mobile, and being exceedingly enfeebled in body and mind, he was induced to sell to the defendant, a tract of land in said parish, for five thousand dollars, which was at the time, well worth twelve or fifteen thousand dollars. That said sale was effected by *imposition*, on the part of the purchaser, and that there is lesion beyond moiety to his injury, seven thousand dollars. He prays that the said sale be cancelled, annulled, and set aside, on account of the lesion to his injury. The defendant pleaded the general issue.

The plaintiff moved the court for leave to file an amended petition, alleging the sale in question to have been obtained

by fraud, and false and fraudulent promises, and obligations by the defendant, and by promises and engagements on his part, forming the consideration which he has never complied with. This leave was refused, and the decision of the court excepted to.

On the trial, the plaintiff called a witness whose competency was objected to, on the score of interest, and rejected by the court as incompetent. He stated in his examination, on his *voir dire*, that he was interested so far as this, that if the plaintiff succeeds, he holds a recorded judgment against him, which operates on all his property, and which, he believes, can be enforced against the disputed premises if they are recovered; and he knows of no other means by which he could possibly obtain payment. A bill of exception was taken to the opinion of the court, rejecting this witness.

This action is founded on the 1854th article of the Louisiana Code, which says : " Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury, is founded on its being the effect of *implied error* or *imposition*, for in every commutative contract, equivalents are supposed to be given and received."

The cause was submitted to a jury, who returned a verdict for the defendant. The plaintiff appealed.

*Dunbar, Thomas* and *Boyce,* of counsel for the defendant, moved to dismiss the appeal, because it was not taken according to law. The clerk of the court, who is required by law to take good security, is himself the surety in the appeal bond. This is illegal and the bond void.

*Winn, contra.*

The case was submitted without argument on the merits.

*Martin, J.,* delivered the opinion of the court.

This is an action of *lesion outre moitié.* The plea is the general issue.

The plaintiff offered an amended petition, which was rejected. There was judgment against him and he appealed.

The dismissal of the appeal is prayed, on the ground that the clerk of the District Court is the surety in the appeal bond, and it is urged, that it is made his duty by law to take the bond, and to judge of the responsibility of the surety.

No law is, however, cited, constituting the clerk the exclusive judge of the responsibility of the surety in such cases as the present, nor making it his duty to take the bond. The judge may certainly take it himself, or order it to be taken., In the first case he *must*, and in the last he *may*, approve of the surety. Indeed, an appellant apprehensive of any difficulty from the clerk, might offer his surety to the judge for his approval. In the present case, nothing shows whether the bond was taken by the judge or the clerk, and if any circumstance shows that it was improper for the latter to take it, we are not to presume therefrom, that it was not taken by the former. The appeal must, therefore, be sustained.

The clerk of the district court is a competent person. to become surety in an appeal bond, taken in his own court.

The case is placed before us on two bills of exception ; the first is, to the refusal of leave to file the amended petition, and the other, to the rejection of a witness offered by the plaintiff.

I. The object of the plaintiff, in the amended petition, appears to us to have been to change the nature of the action. It alleged that the sale was obtained through fraud, promises, and engagements, which have not been performed, and concludes with a prayer that the sale may be declared null and void.

The original petition states the sale to have been effected by *imposition* on the part of the purchaser. Hence we have doubted whether the amended petition, alleging fraud, and promises, and engagements not performed, might not be considered as a development only, of the charge of imposition stated in the original petition.

In a charge of lesion *outre moitié*, the word *imposition* is technical. The Louisiana Code, 1854, says this action is

In an action of lesion beyond moiety, the word *imposition* is technical, and

WESTERN DIST.
October, 1836.

RUSSELL
vs.
SPRIGG.

does not amount to fraud, which authorizes the vendor to have the sale declared absolutely null and void.

Actions receive their character from the nature of the relief sought, and an amendment which alters the substance of the original demand, in this respect, is inadmissible.

So, in an action of *lesion outre moitié*, in which it is alleged the vendee effected the sale and purchase by *imposition*, an amended petition is offered, alleging fraud and false promises, it will be disallowed, as changing the substance or nature of the original action.

founded on implied error or *imposition*. The plaintiff in this action is not entitled to have the sale declared null and void absolutely, but to have it rescinded, unless the defendant pays the full value of the property sold.

In the action in which fraud is charged, as well as the non-performance of the promises and engagements of the purchaser, the vendor is entitled to an absolute rescission of the sale, and the vendee cannot avail himself of the faculty of supplying the difference between the *price* and the value of the premises, as in the action of lesion *outre moitié*.

Actions receive their character from the nature of the relief sought. The Code of Practice, 419, forbids amendments which " alter or change the substance of the original demand, by making it different from the one originally brought."

It is clear, therefore, that if different remedies are sought in the two petitions, the amended one changed the substance of the demand in the original, and made it different.

It is true the first petition concluded with a prayer for the rescission of the sale, without mentioning the faculty which the defendant always has in the action of lesion *outre moitié*, to supply the difference between the price and the value of the thing sold. The facts presented are those that give rise to this action, for the word *imposition* must be taken in the sense in which it is used in the code, i. e. the imposition which is implied from the lowness of the price. We have no doubt that it would have been our duty to reverse the judgment of the District Court, if, on this petition, the defendant had been refused the faculty of averting the rescission of the sale, by the payment of the difference between the price and value. On the amended petition, it is equally clear, he would not have been entitled to the exercise of this faculty. It is, therefore, evident that the District Court did not err in disallowing the amendment.

II. The witness whose competency was objected to, on the score of interest, is a mortgage creditor of the plaintiff, and under a rescission of the sale, his mortgage would attach to the premises in question, and the plaintiff is said to have no

other property which could be subject thereto. This interest appears to us too remote. It depends on two contingencies, the success of the plaintiff in the suit, and the refusal of the defendant to avail himself of the faculty of avoiding the rescission of the sale. The argument of the defendant's counsel assumes, that this witness is the sole or eldest mortgage creditor of the plaintiff. If the objection was sustained, it might be contended that the plaintiff's judgment creditors, offered as witnesses, ought to be rejected, even when the object of the suit is not the recovery of land on which their mortgages might attach, for the judgment which he might obtain would be liable to their executions. With nearly equal reason, simple creditors might be objected to when the solvency of the plaintiff was doubtful, for in such cases they would have an interest, or derive a benefit from the increase of his property and his means to pay his debts, if he recovered.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the case remanded, with directions to the judge to receive the testimony of the witness objected to; the appellee paying the costs of this appeal.

WESTERN DIST.
*October*, 1836.

