EASTERN DIST.
February, 1837.

BELL
vs.
WILLIAMS'S
ADMINISTRATOR.
the whole business the defendant appearsto us, to have acted with strict regard to his professional duties, and with even an anxious solicitude for the interests of the plaintiff. It could not fairly be expected that the defendant should incur any personal liability, by assuming to act for the syndics contrary to their instructions, when the syndics had given those very instructions, in order to avoid such responsibility themselves.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

## BELL vs. WILLIAMS'S ADMINISTRATOR.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.

If the record does not contain the proceedings of the Supreme Court, had on a previous appeal when the case was remanded, the appeal need not be dismissed, as these proceedings can be read from the minutes of the court.

When a cause is remanded for new proceedings, the plaintiff cannot have the note sued on, protested, to show evidence of a demand which did not previously exist, and amend his petition so as to avail himself of this circumstance.

No cause of action, accruing after the inception of the suit, can be set out in an amendment of the pleadings.

This is an action on a promissory note for one thousand five hundred dollars, executed by James Williams, deceased. The suit was instituted in 1829, in his lifetime. A demand and failure to pay is alleged, and judgment prayed for the amount due on the note.

The defendant denied his liability under the note, because it was given to take up a certain draft, which, in fact, had been settled.

In 1832 this case was remanded from the Supreme Court, for a new trial. 3 *Louisiana Reports,* 447. After its return, the plaintiff had the note sued on, protested, in order to show a demand, and presented an amended petition to avail himself of this circumstance on the second trial. This was objected to by the adverse counsel, as changing the substance of the demand, but the amendment was admitted by the court, and a bill of exceptions taken to its opinion.

The case was finally submitted to a jury, under instructions from the court, who returned a verdict for the plaintiff. From judgment rendered thereon the defendant appealed.

*Randall* and *Bradford,* for the plaintiff.

1. It appears from the record, that all the documents and papers in the court below, and none of the proceedings had, or opinion of the Supreme Court on a former appeal, remanding said suit for further proceedings, have been sent up to this court, and that, therefore, the present appeal must be dismissed.

2. That there is no error in the judgment or opinion of the court below, and that said judgment ought to be affirmed.

3. That ten per cent. damages ought to be allowed the appellees, on account of the loss they have suffered, by reason of this frivolous appeal, and the delay consequent thereupon.

*Boyle* and *Johnson, contra.*

*Martin, J.,* delivered the opinion of the court.

The appellee prays the dismissal of the appeal, on the ground " that all the records in the court below, and none of the proceedings had, or opinion of the Supreme Court on a former appeal, remanding said suit for further proceedings, have been sent up to this court," &c.

If the record does not contain the proceedings of the Supreme Court, had on a previous appeal, when the case was remanded, the appeal need not be dismissed, as these proceedings can be read from the minutes of the court.

When a cause is remanded for new proceedings, the plaintiff cannot have the note sued on protested, to show evidence of a demand which did not previously exist, and amend his petition, so as to avail himself of this circumstance.

No cause of action, accruing after the inception of the suit, can be set out in an amendment of the pleadings.

The clerk's certificate attests, that the transcript contains a copy of all the proceedings had in the case. There is a statement of facts agreed on by the parties. It is true the transcript contains no copy of the proceedings of this court on a former appeal. If recourse is to be had to these proceedings, they may be read from our minutes. The appeal, therefore, ought not to be dismissed.

On the return of this case to the District Court, the plaintiff being without evidence of a demand at the place designated in the note, procured it to be protested, and obtained leave to file an amended petition, stating the demand and protest made, since the return of the record to the District Court. The filing of this amended petition was objected to, on the ground that it altered the substance of the demand, by making it different from the one originally brought. *Code of Practice*, 419. The objection was overruled, and a bill of exceptions taken.

It appears to us that the District Court erred. The suit was brought on a cause of action necessarily stated to have occurred before the inception of the suit. The amended petition states a cause, originating since the return of the record from this to the District Court.

On the merits the plaintiff has not made out his case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment for the defendant, as in case of a *non-suit*, with costs in both courts.