## PETITPAIN *vs.* FREY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

An amendment in a supplemental petition, which changes the original demand, from a personal action against the *endorsers* of a note, to a real action against one of them, to make the property liable, for which the note was given, is *inadmissible,* as changing the substance or nature of the issue joined.

One of the tests for ascertaining whether the substance of a demand be changed by amending the pleadings, is to see if the matters set forth in the two demands, could have been cumulated in one action or petition.

Two inconsistent demands, exclusive of each other cannot be cumulated in the same suit : so, the defendant cannot be sued on his endorsement; and as the illegal possessor of the property for which his endorsed note was given, claimed under the vendor's privilege.

This is an action against Frederick Frey & Co., as endorsers of a promissory note, made to their order, by Edward Salzman, also a member of said firm. The endorsement is in blank, and the plaintiff sues as the *bona fide* holder.

The defendants expressly denied the endorsement; but admitted the name of their firm was endorsed on the note in the hand-writing of Edward Salzman, who was a member of

the firm at the time, so far as their commercial transactions and the ordinary and usual business of said firm extended. That the note was given and endorsed in consideration of real estate purchased by said Salzman, out of the usual business of their firm, which was exclusively mercantile and alone confined to transactions in personal property. They deny that they are liable under said endorsement, and pray judgment in their favor.

After this issue was made up, the plaintiff presented a supplemental petition, reserving to himself the right of showing that the endorsement made by Salzman, of the name of the firm of F. Frey & Co., was not out of its *usual course* of business, and that the endorsement was binding on said firm; added another plea in substance, that the note in question, with others, was given for the price of valuable property purchased by Salzman in the city of New-Orleans, of L. Peirce, Esq., and that on the faith of this endorsement, and its binding effect on said firm, the lien or mortgage that would have otherwise existed on the property, was released; that Salzman paid the first note, and soon after, becoming embarrassed, transferred the property to F. Frey, his partner, and confessed judgment in favor of the firm of F. Frey & Co., for the sum of thirty thousand dollars.

The petitioner further states that he received said note for a valuable consideration, in the regular course of business and is subrogated to all the rights and privileges of the original vendor, resulting from the act of sale, &c. He concludes with a prayer that Frey be cited, and the property mentioned as forming the original consideration of the note, be declared subject to the vendor's lien and privilege, in his favor, as the *bona fide* holder of the note; and that Frey be enjoined from selling or incumbering the same, or putting it out of his possession.

This amended petition was excepted to by the defendants, on the ground that it altered and changed the substance of the plaintiff's demand, and added to his cause of action an inconsistent demand. The exception was sustained, and the plaintiff appealed.

*D. Seghers,* for the plaintiff and appellant.

*C. M.* and *F. B. Conrad,* and *Lockett* and *Micou,* for the defendants.

*Morphy, J.,* delivered the opinion of the court.

This is an appeal from a decision of the inferior court, dismissing a supplemental petition of plaintiff, and dissolving an injunction previously obtained thereon. The judge was of opinion that the amendment was contrary to the original demand, and had altered its substance.

The defendants had been sued on their endorsement, on a note of seven thousand five hundred dollars, dated the 17th of December, 1836, drawn by Edward Salzman to their order. The usual averments of demand and notice were made in the petition. The defence set up was, that this endorsement was not binding on the defendant, because the note sued on had been given and endorsed by their former partner, Salzman, in consideration of a purchase of real estate ; a transaction not of a mercantile character and out of the usual and legitimate course of business of their partnership, which was a commercial one.

The supplemental petition after reserving the plaintiff's right to prove that the purchase of real estate was not unusual to the firm of F. Frey & Co., and that similar endorsements for the purchase of real estate have been taken up and paid by the firm, even after Salzman had withdrawn from the partnership, proceeds to state that in 1836, Levi Peirce sold to Edward Salzman two squares of ground in the parish of Jefferson, for thirty thousand dollars; that in payment of said sum the purchaser had furnished his four promissory notes, each of seven thousand five hundred dollars, drawn to the order of, and endorsed by the defendants ; all dated the 17th of December, 1836, and payable at one, two, three and four years ; that in consideration of said endorsement on the notes, the vendor waived his lien or privilege, and mortgage on said two squares ; that it was on the faith of the genuineness and validity of said endorsement, as binding on the firm of F. Frey & Co., and each of its members, that the lien, or

privilege, and mortgage of vendor, were released and abandoned, which would otherwise have been reserved on the property, to secure the payment of the price. The supplemental petition further sets forth that in due course of business, the plaintiff has become the holder of the three last notes above described, and as such, has become subrogated to all the rights and privileges of the vendor, Levi Peirce. That, being subsequently embarrassed in his affairs, and with a view to his impending failure, Salzman sold unto his partner, F. Frey, all his unincumbered property, and confessed judgment in favor of the firm, for thirty thousand dollars. That the said two squares were among the property thus conveyed ; and that in the notarial sale thereof, the deed of purchase from Levi Peirce, by Salzman, is recited and referred to ; that, at the time of the sale of this property, no consideration was given by F. Frey, and that the latter was fully aware of and informed that it had been paid by Salzman, in notes yet outstanding, and bearing the endorsements of the commercial firm of F. Frey & Co.; that said sale was in fraud of the legal rights of the original vendor, to which the plaintiff is subrogated ; and that as the consideration has failed, for which the lien and privilege were waived, and the mortgage dispensed with, the plaintiff, as assignee of the original vendor, is entitled to have the same restored, and reinstated in his favor, to secure the payment of said three notes, inasmuch as said two squares are yet in the hands of F. Frey, unsold and unincumbered. The supplemental petition concludes with a prayer, that, by the judgment to be rendered, the said two squares be declared to be subject *ab initio,* to the vendor's lien and privilege, in favor of the plaintiff, and be declared to be sold, in order to pay said notes ; and, finally, that Frey be enjoined from disposing of, or incumbering said property, to plaintiff's prejudice, until the decision of the suit.

An amendment in a supplemental petition, which changes the original demand, from a personal action against

From this minute statement of the pleadings, the nature of the two demands, and the relation they stand in to each other, are rendered apparent. We do not think that the judge *a quo* erred, when he considered the supplemental petition as altering the substance of the original demand. The one is a

personal action against the defendants, as the endorsers of the note sued on; the other a real action, which can exist only in consequence of the invalidity of the defendant's endorsement. The object of article 419, of the Code of Practice, was to prevent new causes of action from being put in a petition which might vary and change entirely the nature of the issue joined; that the demand contained in the supplemental petition is entirely a different suit, can hardly be doubted; for should the plaintiff fail in his action against the defendants, he might still bring against Frey, this new demand; the plea of *res judicata*, could not avail the latter. One of the tests for ascertaining whether the substance of a demand is changed by an amendment, is to inquire whether the matters set forth in the two petitions, could have been cumulated in one; here they could not have stood together under article 149 of the Code of Practice. In the first demand, F. Frey & Co. are sought to be made liable, on the allegation that their endorsement is valid and binding on them. The demand set up, by way of amendment, against F. Frey, as possessor of the two squares of ground, is predicated on the hypothesis, that their endorsement is not valid or binding on them, and that, therefore, the consideration for which the vendor's lien or privilege was waived, has failed. These two demands are clearly exclusive of each other. Had they been cumulated in one petition, the defendants would have been authorized, by article 152 of the Code of Practice, to refuse pleading to the merits, until the plaintiff had made his choice as to which of the two demands he intended to proceed with. But it is said that the matters contained in the supplemental petition, grow out of the nature of the defence set up by the defendants, which the plaintiff could not anticipate. To this, it is a sufficient answer to say, that, when this plea was made, the plaintiff could have done one of two things: either admit the correctness of the position assumed by defendants, or contest it; but that they cannot do both. Here, the plaintiff, in his supplemental petition, insists on rendering defendants liable on their endorsement; and, at the same time, he admits their plea to be good, by

Eastern Dist.
*April*, 1840.

PETITPAIN
*vs.*
FREY ET AL.

the *endorsers* of a note, to a real action against one of them, to make the property liable, for which the note was given, is *inadmissible*, as changing the substance or nature of the issue joined. One of the tests for ascertaining whether the substance of a demand be changed by amending the pleadings, is to see if the matters set forth in the two demands could have been cumulated in one action or petition.

Two inconsistent demands, exclusive of each other, cannot be cumulated in the same suit. So, the defendant cannot be sued on his endorsement, and as the illegal possessor of the property for which his endorsed note was given, claimed under the vendor's privilege.

EASTERN DIST. demanding that which, according to his own doctrine, can be
*April*, 1840. allowed him only in case the defendants are not held liable
for their endorsement. If, from the matters set forth in his
supplemental petition, the plaintiff had concluded that F.
Frey had sanctioned and ratified the use made of his name,
and that, at least as to him, the endorsement was binding, a
different question would have been presented, upon which we
express no opinion, but which would not have been inconsistent with the original demand; but, by the pleadings
presented to us, the issue first joined has been entirely
changed, and we are prohibited, by positive law, from sustaining such a course of proceeding.

It is, therefore, ordered, that the judgment of the District
Court be affirmed, with costs.