Joseph A. Beard and another *v.* Richard K. Call.

Action by plaintiffs for a balance due them as agents of defendant, for disbursements made for the use of a steamer, alleged to belong to the latter. Answer by defendant, denying the disbursements, and alleging that the boat was owned by plaintiffs and himself in partnership. A jury having found that a partnership existed, plaintiffs, in a supplemental petition, asked to change their original prayer into one for an account and settlement of all the affairs of the partnership, and for a judgment for the balance due them. *Held,* that the supplemental petition should have been rejected, as altering the nature of the original demand. C. P. 419.

Appeal from the Commercial Court of New Orleans, *Watts,* J.

Martin J. The defendant seeks the reversal of the judgment appealed from, on the ground that the Judge refused to dismiss the suit on the finding of the jury that there was a partnership between the parties, and ordered an account to be taken, in which, items were improperly allowed, notwithstanding his objections. The petitioners claim the balance of an account for disbursements made and commissions due them as agents of the defendant, and

consignees of his steam-boat, the *New Castle*. The answer after
pleading the general issue, avers that the plaintiffs having pur-
chased the steam-boat New Castle, the defendant became interest-
ed therein for two-thirds, and that it was agreed that she should
be navigated for the benefit of both parties, and that if the plaintiffs
have really made the disbursements, and earned the commissions
charged in their account, which is denied, they have no claim on
him, except for the balance of a general account of the affairs of
the partnership. In a supplemental answer, the defendant stated
himself to be the owner of a bill of exchange, accepted by the
plaintiffs, and protested for non-payment, and pleaded its amount
in reconvention and in compensation. The case was submitted to
a jury, who found that there existed a partnership in the boat be-
tween the parties. The plaintiffs then filed a supplemental petition,
asking that the prayer of the original petition might be changed in-
to one for an account and settlement of all the affairs relating to the
boat ; and that a proper balance being determined in their favor,
they may have judgment therefor. The defendant excepted to
this petition. The exception was over-ruled ; the court proceeded
to try the case ; and judgment was finally given against the defend-
ant. It appears to us that the First Judge erred. He informs us
that "it is common in chancery, for a suit brought with one in-
tent, to be changed into a suit for another purpose, after evi-
dence given. If, after evidence, it should appear the suit ought
to be brought at law, the bill would of course be dismissed ; but
if it should appear that chancery was the proper court, although
the claim is of a different nature, the court would allow a sup-
plemental petition to be filed to meet the case." Our courts do
not proceed according to the chancery practice, especially when
it is opposed to the textual provisions of our statute, which forbid
a plaintiff, when he has brought a suit with one intent, to change
it into one for another purpose, after or before evidence given.
Our Code of Practice, art. 419, provides that, "after issue joined
the plaintiff may, with the leave of the court, amend his original
petition, provided the amendment does not alter the substance
of his demand, by making it different from the one originally
brought ;" 4 Mart. N. S. 137 ; 10 La. 424. Objections were made

to the change of the action, on the ground that the defendant was entitled to a judgment which would enable him to recover damages from the plaintiffs, and their sureties, on the attachment bond for the wrongful seizure of his property, and to protect the sureties he had given for its release. The objections appear to us too serious to have been disposed of on the ground, that they could be examined in suits on the bond.

It is therefore ordered that the judgment be annulled, and reversed, and that there be judgment for the defendant as in case of nonsuit; the plaintiffs and appellees to pay the costs in both courts.

*L. C. Duncan,* for the plaintiffs.

*P. Anderson,* for the appellant.