## OAKEY *v.* MURPHY.

Where one who has sued on a note alleges, in a supplemental petition, that, previously to the institution of suit, a judgment had been rendered on it in another State, the suit must be dismissed. The note having merged in the judgment, plaintiff should have sued on the latter. He could not amend his petition by alleging a fact which destroyed it. C. P. 419.

APPEAL from the District Court of the First District, *Buchanan*, J. The judgment of the court was pronounced by

Rost, J. In this case, which is an action by the holder of a promissory note against the maker, the plaintiff filed a supplemental petition, in which he alleged that a judgment had been rendered in his favor, at the time of the institution of his suit, on the note sued on, in the Circuit Court of the United States for the southern district of Mississippi. On a judgment by default being taken, it was confirmed on the evidence of this judgment rendered in Mississippi. So far from the judgment proving the right of the party to recover on the note, it establishes the reverse, inasmuch as it is a merger of the note. *Abat* v. *Buisson*, 9 La. 419. *Mackie et al.* v. *Cairnes*, 2 Martin N. S. 599. 3 Blackstone's Com. 398. The plaintiff has lost his right of action on the note, and he has no right to amend his petition by an allegation which extinguishes it. Code of Practice, art. 419. He ought to have brought his suit on his judgment.

It is therefore ordered that the judgment of the District Court be reversed, and that the plaintiff's petition be dismissed, with costs in both courts.

*Fraser*, for the plaintiff. *Schmidt*, for the appellant.