## A. AND J. DENISTOUN & CO. v. JAMES PAYNE.

A mortgage claim had been reduced to judgment in Mississippi, suit was afterwards brought upon the *claim* in Louisiana. The court held, that the claim was merged in the judgment, and that the action should have been on the latter and not the former.

The petition alleged indebtedness on a claim ; a supplemental petition alleged, that the claim had been reduced to judgment, thus showing, that the ground of action in the original petition, was extinguished. The plaintiff could not so amend, for it changed the cause of action, and altered the substance of the demand.

DENISTOUN
PAYNE.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *E. Briggs*, for the plaintiffs. *J. L. Mathewson*, for defendant. By the court:

ROST, J. The judgment dismissing the plaintiffs' petition in this case, is in conformity with the settled jurisprudence of this court.

Their mortgage claim against the defendant, who is a resident of the State of Mississippi, had been merged in two judgments, rendered in their favor, against him in that State. As was held in case of *McKee et al.* v. *Cairnes*, 2 N. S. 604, those judgments had the same effect as if they had been rendered in Louisiana, The mortgage claim was merged in them, and no action can be maintained upon it.

The amendment contained in the supplemental petition, was the same which this court held to be inadmissible in the case of *Oakey* v. *Murphy*. 1 Ann. 372.

The allegation in the supplemental petition, that the plaintiffs have obtained judgments on their claim, shows their original ground of action to be extinguished, and we think now, as we did in *Oakey's* case, that an amendment entirely changing the cause of action, alters the substance of the demand, within the meaning of art. 419. C. P. This is a rule of practice, which, once settled, ought to be adhered to, unless manifestly wrong.

We doubt not, as stated by the plaintiffs' counsel, that the time for the service of the petition was short, and that he had not at hand the documents necessary to bring the action in another form. This is a misfortune against which we cannot relieve his clients. There are hard cases in the application of all rules of law.

Judgment affirmed, with costs.