## No. 7573.

### VALENTINE VREDENBURG ET AL. VS. W. J. BEHAN ET AL.

·The law is substantially complied with, when three partial Transcripts of Appeal have been filed in this Court under the same number of the Docket, and the Certificate of the Clerk, attached to the third Transcript, states that said third Transcript, together with the first and second, contains all the proceedings had, all the evidence adduced, and all the documents filed in the lower Court.

Appellants are not bound to mention the names of the Appellees in their Petition for Appeal. It is sufficient for them to pray that the Appellees be cited; and it is the duty of the Clerk to issue citations to all those whom the record shows to be the Appellees.

·When, out of a number of Appellants, some have acquiesced in the judgment appealed from, it is no reason to dismiss the Appeal as to those who have not acquiesced.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor,* J.

E. Howard McCaleb for Plaintiff :

·The plaintiff moves to dismiss the devolutive appeal on the following grounds :

First—That the Certificate of the Clerk and the Transcript are imperfect and incomplete, and that the defects and omissions in said Transcript are attributable to Appellants. C. P. art. 896 and 898 ; 18 An. 229 ; 8 An. 433 ; 13 An. 288; 7 An. 442.

:Second—That all the parties to the judgment have not been made parties to the appeal. 12 An. 333.

·Third—That, after rendition of the judgment appealed from, one of the defendants died, and Appellants have failed to make his heirs parties to the appeal, or to ask for citation upon them. 29 An. 647 ; 22 An. 20.

Fourth—That Appellants have[failed to ask for citation upon all parties to the judgment.

Fifth—That several of the Appellants have acquiesced in the judgment

appealed from, and cannot be heard to contest its validity. C. P. art. 567 ; 28 An. 743 ; 18·An. 59 ; 18 An. 296 ; 4 An. 150 ; 14 La. 523 ; 15 Missouri R. 441 ; 3rd Illinois R. 212 ; 1 Wis. R. 455 ; 25 An. 538.

Francis W. Baker for Defendant and Appellant :

The grounds for dismissal are entirely without merit and frivolously technical.

The Certificate and Transcript are sufficient, and if they were not, the fault would not be that of Appellants. 27 An. 507 ; 28 An. 343 ; Rev. Stats. sec. 36 ; 28 An. 52 ; 31 An. 427 ; 9 An. 292 ; 10 La. 514.

The fact that some of the Appellants, after the appeal was taken, have acquiesced in the judgment, cannot affect or prejudice the rights of other Appellants. 23 An. 37 ; 29 An. 576 ; 28 An. 343.

The heirs of the deceased Appellant have been made parties ; but they have no interest, as they acquiesced in the judgment. 3 An. 558 ; 4 An. 14 ; 25 An. 476 ; 6 An. 79 ; 6 An. 115.

Appellants are not required by law to do any more, in having parties cited as appellees, than to designate to the Clerk those who are to be cited.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The order for a suspensive appeal, first obtained in this case by the defendants, from the judgment against them, having been set aside and another order, but for a devolutive appeal, having since been allowed, the plaintiff and appellee move to dismiss that last appeal, because,

First—The certificate of the clerk and the transcript of said appeal are imperfect and incomplete. The defects, and imperfections, and omissions in said transcript are attributable to the appellants, or to their counsel, under whose supervision the same was prepared.

Second—All the parties to the judgment have not been made parties to the appeal.

Third—After the rendition of the judgment appealed from, one of the defendants, M. Buck Miller, died, and the appellants have failed to make his heirs and legal representatives parties to the appeal, or to ask for citation upon them.

Fourth—The appellants have failed to ask for citation upon all parties to the judgment.

Fifth—W. J. Behan, N. T. Vaudry, John Thorn, Jas. Buckley, and L. T. Manning, appellants, have acquiesced in the judgment appealed from, and cannot be heard to contest its validity.

On the *first ground :*

After the defendants had obtained a suspensive appeal from the judgment against them and furnished a bond, in appearance sufficient, they filed in this Court a transcript containing 545 pages, to which is attached the certificate of the clerk of the lower Court establishing its fullness, in every particular. A rule having been taken by the plaintiffs in the lower Court, to rescind the order for a suspensive appeal, because the sureties were not good and solvent, as the law required, and judgment having been rendered, dismissing that rule and maintaining the order of appeal, the plaintiffs appealed, and filed in this Court a transcript containing 235 pages, attested by the clerk of the lower court, so as to show its completeness, on the *rule* proceedings..

Subsequently, as already observed, the judgment of the lower court, refusing execution, having been reversed by this Court, and the order for a suspensive appeal having been rescinded, a number of the defendants obtained a devolutive appeal, and have filed in this Court a transcript containing 80 pages, in which the clerk of the lower court certifies that " the foregoing eighty pages and eight lines, and transcript Nos. 1 and 2, on file in Supreme Court, do contain a true, correct, and complete transcript of the proceedings had, and all documents filed," etc. To this transcript is attached another certificate, in which the Clerk further attests that the transcript contains " all the evidence adduced " in the case.

The second transcript on the appeal, taken by the plaintiffs from the judgment refusing the issuing of execution, was filed by the appellants under the number placed upon the first transcript, No. 7573. The plaintiffs show no objection to such a course on their part, and the defendants acquiesced in it. With what grace can the plaintiffs now contend that the defendants did an illegal act when they caused the third transcript to be registered, as they themselves had done, under the same number ? Unquestionably it would have been preferable, for the convenience of all, if the appellants, under their devolutive appeal, had caused a transcript to be made of the entire record of the lower court ; but this was not essentially necessary. The Clerk, in his attestations to the third transcript, might have been more explicit, and designated more specifically the transcripts Nos. 1 and 2, to which he refers, but the appellees do not complain of this, and the identity of the transcripts referred to is not at all disputed, but rather admitted, as it necessarily should be. The law was substantially complied with. The three transcripts bearing the same number, certainly, together, contain all the proceedings had, all the evidence adduced, and all the documents filed in the lower court, in this case. It would be uselessly, nay, injuriously, onerous, to require a new complete transcript of the whole very voluminous record of the lower court. 31 An. 427 ; 10 La. 514 ; 9 An. 292.

Vredenburg et al. vs. Behan et al.

The authorities in 8 An. 433, 18 An. 229, 7 An. 442, 13 An. 288, cited 'by appellees, have no application to this case, which is *sui generis*.

On the *second* and *fourth* grounds, which we will consider together .as germane :

In the case of Seghers vs. Soulé, not reported, O. B. No. 45, p. 15, 'this Court said, on a motion to dismiss : " Appellants were not bound 'to mention the names of appellees in their petition for appeal. They prayed that the plaintiffs (who are the appellees), be cited. This was sufficient. It was the duty of the clerk to issue citations to all the ;plaintiffs mentioned in the petition ; and it was the duty of the sheriff to ;serve the citations. No appeal should be dismissed, unless the fault is ;attributable to appellants. Such was not the case here."

A reference to authorities on the subject shows that this late ruling .is well founded. 6 M. 1 ; 17 La. 515 ; 6 R. 127 ; 7 R. 10 ; 2 An. 769 ; 12 .An. 332 ; 13 An. 259 ; 14 An. 698 ; 20 An. 37.

On the *third* and *fifth* grounds :

There were *fourteen* defendants in the suit, and they were all condemned by the judgment, based on the verdict of the jury, to pay, *in solido*, fifteen thousand dollars to the plaintiffs. The petition for a devolutive appeal was made on behalf of *eleven* of them.

If it be true, that Vaudry, Thorn, Buckley, and Manning have acquiesced in the judgment, it is no reason to dismiss the appeal as regards the others, who have not acquiesced, who cannot be divested of their right of appeal by any act of any of their co-defendants, and who ·continue to have a standing in this Court. When it will be made to appear to this Court, at the proper time, and in the proper form, that such .acquiescence has taken place, the Court will abstain from adjudicating as to those parties. If it be true that M. B. Miller be dead, the omis-·sion, if any exist, to make his representatives parties, cannot prejudice the appellants, who have apparently done every thing that the law required of them to put themselves in the attitude of appellants. There is no intimation as to the time of his death in order to establish whether it occurred before or after the date of appeal ; and there is nothing to .show that when the petition was filed the appellants knew of his death. The irregularity, if any, in this particular, can still be urged.

The judgment was signed on the 30th of June, 1879, and the delay 'for a devolutive appeal has not elapsed. Boutté vs. Boutté, 30 An. 181. The counsel for appellants, in his brief, informs us, however, that the heirs of Miller have no interest, as they have voluntarily acquiesced in .and executed the judgment.

The motion to dismiss is denied, with costs.