(123 So. 321)

No. 29366.

### PARAMORE v. CONTINENTAL BANK & TRUST CO. et al.

May 20, 1929. Rehearing Denied June 17, 1929.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant.

Joe B. Hamiter, Barksdale, Bullock, Warren, Clark & Van Hook, and Smitherman, Tucker & Mason, all of Shreveport, for appellees.

ST. PAUL, J. On April 21, 1920, plaintiff was appointed liquidator of the Red River Land & Live Stock Company, Incorporated. Among the assets of said corporation were sundry mortgage notes resting on lands situated in Arkansas. As said notes were not paid, plaintiff foreclosed thereon and bought them in as "Liquidator or Trustee." From year to year thereafter he furnished to the stockholders of the defunct corporation an account as "Liquidator" and showing a deficit from year to year "advanced by the Liquidator," which grew from $851 in 1921 to $33,030 in 1927.

No objection was made to said accounts, and in 1923 and 1924 two of the stockholders, to wit, the Continental Bank & Trust Company and the Commercial National Bank, sent him their proportion of the taxes due on the lands purchased by him as aforesaid, to wit:

| | |
|---|---|
| 1923, March 26, Continental Bank, ⅛ taxes 1923 | $ 451 01 |
| 1924, April 7, Continental Bank, % taxes 1924 | 294 28 |
| 1924, April 7, Commercial Bank, % taxes 1924 | 294 28 |
| 1924, May 8, Commercial Bank, % taxes 1924 | 126 93 |
| Total | $1,166 50 |

### I.

In this proceeding the plaintiff asks (1) that he be recognized as liquidator of said corporation and his account as such approved; (2) that said lands be sold at auction and the proceeds applied on the indebtedness found to be due him; and (3) that he recover personal judgment against each of the other stockholders (he himself being also a stockholder) for their proportion of said deficit.

The trial judge granted his prayer to the extent of (1) recognizing him as liquidator and approving his account, and (2) ordering the sale of the lands and the application of the proceeds towards the payment of the advance due plaintiff. But he refused to give plaintiff a personal judgment against the other stockholders for any portion of said advances; that is to say, he struck from the petition said claim for a personal judgment, which was in effect maintaining an exception

of no cause of action thereto. Frank v. Magee, 49 La. Ann. 1250, 1254, 22 So. 739.

As plaintiff alone appeals and defendants have not answered the appeal, the only question before us is whether plaintiff's claim for a personal judgment against the defendants shows a cause of action.

## II.

▮ We agree with the district judge that plaintiff is not entitled to a personal judgment against the other stockholders.

It is not necessary to enter into any discussion as to what might have been the status of the stockholders towards these lands and towards each other with reference thereto had the lands belonged to the corporation at the time of its dissolution and after its debts had been paid. For the simple fact is that the lands did *not* belong to the corporation at the time of its dissolution, and were only acquired afterwards by plaintiff as above set forth.

And it is clear that neither by his appointment as liquidator nor otherwise was plaintiff ever authorized to purchase these lands for defendants.

The only question is whether these defendants have, by their silence and failure to object to plaintiff's accounts as liquidator and by (some of them) reimbursing him some part of his advances, estopped themselves from denying personal liability for their proportion of the advances which he made from year to year.

We think not. Defendants had left the liquidation of the affairs of the corporation entirely in the hands of plaintiff. He had received assets of over $28,000 to pay liabilities of only $8,600, of which $7,000 was due to himself. All other liabilities but his own were extinguished the first year out of the cash on hand (lacking $351, which he advanced), and

his own claim had been reduced from $7,000 to $4,000, with a further claim of $500 for liquidator's fees. And he still had on hand over $26,000 of mortgage notes.

The defendants had therefore no reason whatever for thinking that the assets would not suffice to pay off the small indebtedness remaining, and in which plaintiff alone was interested. There was no reason on their part to think that they would ever be called upon to contribute to the large advances which plaintiff was making apparently . for the protection of his own interests, since he was the only creditor of the corporation and also the owner of one-half of the total capital stock. We think that plaintiff made these advances, not because he relied upon being reimbursed by defendants, but because he was heavily interested and believed that the sale of the lands would suffice to reimburse him his advances in full (which included the balance of his claim, amounting to $4,000). And we think the defendants had a right to think the same way.

Our conclusion is that plaintiff has not set forth sufficient grounds for an estoppel against defendants.

## III.

▮ After the ruling of the district judge denying plaintiff a right of action for a personal judgment against defendants, and after issue joined on the matter of recognizing plaintiff as liquidator and approving his account as such, plaintiff filed a supplemental petition in which he made the same claim for personal judgment against defendants, but as trustee instead of liquidator. The trial judge disallowed the amended petition as changing the issues and coming too late. We agree with the trial judge that the petition changed the issues and came too late. Code Prac. art. 419.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., absent, takes no part.