### REX CREDIT CO., Inc., v. ALANA et al. *
### No. 14285.

Court of Appeal of Louisiana. Orleans.

Dec. 19, 1932.

Arthur B. Leopold, of New Orleans, for appellant.

Henry J. Wyman, of New Orleans, for appellee Exclusive Ladies' Shop, Inc.

HIGGINS, J.

This is a proceeding by a licensee under Act No. 7 of the Special Session of the Legislature of 1928, to obtain a judgment against the employer of its debtor for 10 per cent. of the earned and unearned wages or salary of the employee and debtor, under a written assignment taken to secure the loan, in accordance with sections 16 and 17 of the said act.

There was judgment in favor of the defendants, and the plaintiff has appealed.

Rex Credit Company, Inc., licensed to do business under the aforesaid act, commonly called the "Small Loan Act," loaned Miss Rhea Alana the sum of $175, for which she gave her note dated June 6, 1931, indorsed by Frank August and Miss Addie Mae Colon. In order to further secure the note, Miss Alana, simultaneously at the time of signing the note and receiving the money, assigned in writing 10 per cent. of her salary to the Rex Credit Company, Inc., plaintiff, in accordance with the provisions of the act, and especially sections 16 and 17 thereof. Miss Alana and her indorsers, having failed to meet the installments due on the note, were sued in solido by the Rex Credit Company, Inc., for the balance of $148 with interest and costs, and judgment was obtained (by default) on February 24, 1932. On March 18, 1932, the Rex Credit Company, Inc., wrote a letter to the Exclusive Ladies' Shop, Inc., the employer of Miss Alana, notifying it of her indebtedness and of the assignment of 10 per cent. of her wages or salary, earned or unearned, and making claim thereto as security for the original loan. The Exclusive Ladies' Shop, Inc., notified the Rex Credit Company, Inc., that Miss Alana was indebted to it in the sum of $138.75 for money advanced and merchandise sold to her. On March 27, 1932, one month and three days after the final judgment upon the original petition, the Rex Credit Company, Inc., as plaintiff, filed a supplemental and amended petition asking for recognition of its assignment and for judgment in its favor against the Exclusive Ladies' Shop, Inc., for 10 per cent. of the earned or unearned wage or salary of Miss Alana to the extent of its claim, $148 plus interest and costs.

The Exclusive Ladies' Shop, Inc., filed an exception of no right or cause of action upon the ground that the supplemental and amended petition altered the substance of the case, the demand originally made being based upon a different document and against an entirely different party, which is prohibited by article 419 of the Code of Practice, because issue had been joined and a final decision rendered in the case. The defendant also filed pleas of estoppel, res judicata, and novation.

In its answer, which the rules of the city court requires to be filed at the same time exceptions are filed, the Exclusive Ladies' Shop, Inc., pleaded the following:

First, that under the provisions of sections 16 and 17 of Act No. 7 of the Special Session of 1928, the defendant is not entitled to obtain a judgment against it in this proceeding, and, if it has any rights in that respect, it is required to assert them in a separate suit, the act being silent on the subject of procedure, and therefore the general law of procedure

*Rehearing denied January 16, 1933.

as found in the Code of Practice would govern.

Second, that the assignee has no greater rights than the assignor and, as it had a previous existing debt in its favor against its employee, it would have been entitled to plead in compensation and set-off against any claim which she might have had against the employer, and that therefore the Exclusive Ladies' Shop, Inc.'s, claim is superior to that of the Rex Credit Company, Inc.

Sections 16 and 17 of Act No. 7 of the Extra Session of 1928 read, respectively, as follows:

"The payment of Three Hundred Dollars ($300.00) or less in money, credit, goods or things in action as a consideration for any sale, assignment or order for the payment of wages, salary, commissions or other compensation for services, whether earned or to be earned, shall be deemed a loan within the provisions of this Act secured by such assignment; and the amount by which such assigned compensation exceeds such payment shall be deemed interest upon such loan from the date of such payment to the date such compensation is payable. Such loan and such assignment shall be governed by and subject to the provisions of this Act."

"Section 17. No assignment of or order for the payment of any salary, wages, commissions or other compensation for services, earned or to be earned, given to secure any such loan shall be valid unless the amount of such loan is paid to the borrower simultaneously with its execution and such assignment, when it shall be in favor of a licensee licensed as herein provided for, shall be valid and binding upon any employer without the consent thereto of such employer; nor shall any such assignment or order, or any chattel mortgage or other lien on household furniture then in the possession and use of the borrower be valid unless it be in writing signed in person by the borrower; nor, if the borrower is married, unless it is signed in person by both husband and wife; provided that written assent of a spouse shall not be required when husband and wife have been living apart and separate for a period of at least five months prior to such assignment order, mortgage or lien.

"Upon any such assignment or order for the payment of future salary, wages, commissions or other compensation for services given as security for a loan made under this act, a sum equal to ten (10) per centum of the borrower's salary, wages, commissions or other compensation for services shall be collectible from the employer of the borrower by the licensee at the time of each payment of salary, wages, commissions or other compensation for services from the time that a copy of such assignment verified by the oath of the licensee or his agent, together with a similarly verified statement of the amount unpaid upon such loan, is served upon the employer."

From a reading of these sections of the act, as well as the other parts of it, we are unable to find any special procedure outlined as to how the holder of the security by assignment of 10 per cent. of the wages of the borrower should proceed in asserting his rights against the employer of the borrower. As the act is silent on the subject, it is necessary to resort to the general law on the subject as contained in the articles of the Code of Practice.

Article 419 of the Code of Practice reads as follows:

"After issue joined, the plaintiff may, with the leave of the court, amend his original petition, provided the amendment does not alter the substance of his demand by making it different from the one originally brought."

In the case of Wood v. Foster, 3 La. 338, it was held that where the original petition stated a cause of action ex delicto, an amendment in which it was sought to state a cause of action ex contractu would not be permitted, because it altered the substance of the demand.

In Bell v. Williams' Adm'r, 10 La. 514, the court decided that a cause of action accruing after suit had been filed could not be pleaded in an amended petition.

In Petitpain v. Frey, 15 La. 195, the court refused to permit an amendment changing a personal cause of action to a real action. See, also, Russell v. Sprigg, 10 La. 421; Oakey v. Murphy, 1 La. Ann. 372; Denistoun v. Payne, 7 La. Ann. 333.

In Roe v. Caldwell, 145 La. 853, 83 So. 43, it was held that a supplemental answer raising new issues came too late after the taking of testimony and the submission of the case.

In Paramore v. Continental Bank & Trust Co., 168 La. 774, 123 So. 321, the court refused to permit the plaintiff, in a supplemental petition, to set forth a claim for a personal judgment where the original suit was joined on the question of recognizing the plaintiff as liquidator and approving his account.

In the instant case the plaintiff, after final judgment on the merits, undertakes in the same proceeding to sue the defendant, a different party, upon a separate and distinct document than the original one. We, therefore, conclude that the plaintiff has no right or cause of action to proceed by supplemental petition in the manner in which it undertook to do in this case. Consequently the exceptions of no right or cause of action are well founded and we, therefore, sustain them and dismiss plaintiff's demand contained in its supplemental and amended petition.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.