I am in full accord with the views expressed by the majority that it was proper to permit plaintiff to implead the corporation, Mike Heck Delivery Service, by supplemental petition because issue in the case had not been joined at the time the amended petition was filed. However, since I do not agree with the decision of this court in Elfer v. Mintz et al., La.App.,7 So.2d 416, cited in the majority opinion (in which I did not participate) I feel that it is pertinent to set forth the reasons which make me doubt the correctness of the result reached in that matter.
In the Elfer case, plaintiff brought suit against two members composing a commercial copartnership without impleading the copartnership. An exception of no cause of action was filed by the defendants on the ground that they, as individual members, might not be sued for a partnership debt during the existence of the partnership unless the latter was joined as party defendant. Plaintiff conceded the correctness of this legal proposition and thereupon sought, by supplemental petition, to join the partnership as a defendant in the case. The district judge was of the opinion that he did not have the right to permit the filing of the supplemental petition and this court approved his ruling on the theory that, since issue had been joined by the exception of the copartners, the amendment was not permissible. In reaching this conclusion, the court did not consider Article 419 of the Code of Practice. That article permits amendments to pleadings, even after issue has been joined, provided the amendments do not change the substance of the demand or make it different from the one originally *Page 516 
brought. The attempted joinder of the copartnership in the Elfer case did not alter, in any respect, the substance of plaintiff's demand. On the contrary, the demand was the same; the only alteration which plaintiff sought to accomplish by the supplemental petition was the assertion of his action against all parties responsible, in compliance with the defendants' exception that the partnership, a necessary party, was not before the court. As authority for the view that the amendment was not permissible, the court relied upon its decision in Rex Credit Co. v. Alana, La.App., 145 So., 19. An examination of that case discloses that it bears but slight resemblance to the situation appearing in the Elfer case and supplies no foundation for the result reached in the latter. In the Alana case, plaintiff undertook, by filing a supplemental petition in the same proceeding and after a final judgment on the merits, to sue a different party defendant upon a separate and distinct document than the one originally sued upon. The court correctly found that the amendment was not permissible under Article 419 of the Code of Practice.
Amendments are favored in the law and should be permitted where they work no injustice upon the parties sued. Accordingly, I think it proper and fully authorized by Article 419 of the Code of Practice to permit the joinder of a necessary party defendant by supplemental petition (provided the substance of the original demand is not changed), even though the case is at issue as to other defendants.
For these reasons, I respectfully concur.