EASTERN DIST.
*May*, 1835.

BREWSTER
ET AL.
*vs.*
SAUL.

━━━━━━━━━━

## BREWSTER ET AL *vs.* SAUL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the plaintiff mistakes a part of the name of the defendant, he can amend and correct it by giving the true name, even after the original petition is served.

The agent is allowed to prove his agency, and that he sold the goods to the defendant for and on account of his principal, even when the latter was unknown at the time to the person buying.

The principal may always institute an action on a contract made by his agent in relation to his affairs, and hold the party liable.

Where goods are sold and delivered to an agent for an unknown principal, the latter is suable when he is discovered.

EASTERN DIST.
May, 1835.

BREWSTER
ET AL.
vs.
SAUL.

This is an action to recover six hundred and twenty-five dollars, the price of a barouche which the plaintiffs allege they sold to the defendant, by their agent, Mark Walton. The defendant was described and named as Thomas S. Saul, in the original petition. After service and return of the sheriff, the plaintiffs amended their petition, and corrected the defendant's name to that of Thomas *H.* Saul, to which he excepted : 1st. Because no amendment can be admitted, by which a new and different defendant is substituted to the original one against whom suit is brought; 2d. Because a copy of the original petition has never been served on him, and he is ignorant of its contents. These exceptions were overruled. The defendant then pleaded a general denial to the merits.

The plaintiffs proved by Mark Walton, their agent, and who sold their carriages in New-Orleans, that he made a bargain with the defendant, who agreed to take a certain carriage for six hundred and twenty-five dollars, payable in three months; or if not paid at that time, the defendant was to give a draft on his father, payable the 1st of January following; that he was to take the carriage away the following Monday after he purchased it. This occurred on Friday, and the carriage was got ready for defendant and kept standing at the front door for two weeks. It is still ready for delivery when demanded.

This witness also proved his agency for the plaintiffs, but declares he has no interest in the event of this suit. He does not know, whether at the time of the sale he stated to the defendant, or the latter knew the fact, that he was acting as agent of the plaintiffs in making the sale.

The defendant's counsel objected to the witness as being incompetent to testify in this case.

The plaintiffs had judgment for the amount of their claim. The defendant appealed.

*J. Slidell,* for the defendant and appellant.

*Preston, contra.*
38

Eastern Dist.
May, 1835.

BREWSTER
ET AL.
vs.
SAUL.

*Martin J.*, delivered the opinion of the court.

In this case the original petition described and called the defendant by the name of Thomas S. Saul. The sheriff returned on the citation, that service was made in that name, accordingly. Before any further proceedings were had, the plaintiff filed an amended petition, suggesting that the defendant was called Thomas H. Saul, and not Thomas S. Saul, as his name was erroneously alleged to be in the original petition. He had leave to amend the pleadings in this respect.

The defendant's counsel excepted to the amendment and proceedings admitting it, alleging that it was erroneously granted, as it substituted a new defendant in the place of the original, and that the first petition had not been legally served on him. These exceptions were overruled, and the defendant required to answer to the merits. He pleaded the general issue. Judgment was pronounced against him, and he appealed.

In the opinion of this court, the exceptions were correctly overruled. The plaintiff himself alleges and shows that an error was committed by writing the defendant's name Thomas S., instead of Thomas H. Saul. This is not denied; neither is it averred that there is any such person as Thomas S. Saul. The sheriff has returned that he delivered the petition.

On the merits, it is shown by the oath of Walton and that of his son, that the former is the plaintiffs' agent for the sale of carriages in New-Orleans; and that he sold for them the carriage to the defendant, at the price and for the sum for which the present suit is brought.

It does not appear that Walton informed the defendant, or that the latter knew at the time, that the carriage was sold for the account of the plaintiffs : hence, the defendant contends that Walton's testimony was improperly received, and so was that of his son.

This objection does not appear to amount to any thing. The principal may always institute an action on a contract made by his agent, in regard to his (the principal's) affairs;

*Marginal notes:* Where the plaintiff mistakes a part of the name of the defendant, he can amend and correct it by giving the true name, even after the original petition is served. The agent is allowed to prove his agency and that he sold and delivered the goods to the defendant for and on account of his principal, even when the latter was unknown at the time to the person buying. The principal may always institute an action on a contract made by his agent in relation to his affairs, and hold the party liable. Where goods are sold and delivered to an agent for an unknown principal, the latter is suable when he is discovered.

and we are not aware that it was ever held, in any case, that where the principal was ignorant that the agent acted for him as such at the time, that this circumstance formed an exception to the general rule. In the case of *Williams et al* vs. *Winchester,* 7 *Martin, N. S.,* 22, this court held that " when goods are sold and delivered to an agent for an unknown principal, the latter was suable when discovered" ; that the defendant was liable to the plaintiff to whom he was unknown, having contracted with him through an agent, without knowing who he was; or that the person he contracted with was an agent.

The agency in the present case is fully proved by another witness.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.