No. 2055.—STEPHEN DUNCAN *v.* JOHN N. HELM.

An amended petition substituting a new party plaintiff on allegations of ownership, in direct conflict with the original petition, will not be allowed, nor will an amendment be allowed showing that the notes sued upon were transferred after suit was commenced and a reconventional demand was filed.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough,* J. *Farrar & Reeves,* for plaintiff and appellant. *Aroni & Collier,* for defendant and appellee.

HOWE, J. By petition filed in this case on the eighth March, 1866, the plaintiff, alleging himself to be a resident and citizen of Mississippi, claimed to recover from the defendant, also of Mississippi, the amount due upon two mortgage notes, and asked for a sale of the property mortgaged.

One note fell due January 4, 1861, and is credited with a partial payment; the other fell due January 4, 1862. They are dated in the parish of Tensas, and payable in New Orleans; they are the sixth and seventh of a series of eight notes, amounting in all to $49,500; and are secured by a mortgage upon a plantation in the parish of Tensas. The plaintiff in the original petition claims, not as transferee, but as the original payee of the notes and mortgagee of the land.

The defense was usury, it being alleged on behalf of defendant that the consideration of the notes was a loan by plaintiff to defendant of the sum of $30,000 at the rate of ten per cent. per annum ; that he has paid all of said notes in full, except the note in suit, and has paid on the first of the latter the sum of five thousand dollars ; that his total payments have amounted to the sum of $35,750, or $5,750 more than the plaintiff is entitled by law to recover. He claims in reconvention the amount he thus paid in excess of the principal.

On the twenty-third September, 1867, a supplemental petition was filed as follows :

" Your petitioner, Stephen Duncan, *junior*, residing in Natchez, Mississippi, respectfully represents that, through error of his undersigned counsel, a suit was filed in your honorable court styled Stephen Duncan *v.* John N. Helm, and numbered twelve hundred and seventy-two on the docket of said court ; that said error consisted in using ' Stephen Duncan's name as the plaintiff and petitioner, instead of Stephen Duncan, *junior*, in said suit; that said Stephen Duncan *is dead*, and long before his death transferred and delivered the notes sued upon in said suit, number twelve hundred and seventy-two, to your petitioner, who was the *bona fide* holder and owner of said two notes sued on as aforesaid; whereupon petitioner prays leave to file this *his* supplemental and amended petition, that it be duly served, and that he have judgment as prayed for in the original petition."

It appears that the defendant filed an exception to this " amended petition," though the exception itself is not in the record. It also appears that some evidence was taken on the trial of this exception, but the evidence is not in the record. There seems to be no proof of any of the allegations of this amended petition, except of the death of Dr. Stephen Duncan, and this event took place, as the counsel for plaintiff informs us, in January, 1867.

The case was afterwards tried, and judgment rendered against the plaintiff, rejecting his demand, and decreeing that the defendant recover from the plaintiff judgment in reconvention for the sum of $2750.

If this is a judgment against Dr. Stephen Duncan, it was rendered against a party deceased and unrepresented. If it is a judgment against S. Duncan, Jr., it is not supported either by the pleadings or the evidence. The amended petition, so called, we are of opinion, ought to have no effect beyond that of a suggestion of· the death of the original plaintiff. It should not be permitted to substitute a new party plaintiff, especially on allegations of ownership in direct conflict with the original petition, or if the amended petition is construed to mean that the notes were transferred to S. Duncan, Jr., after the suit was commenced, but before Dr. Duncan's death, it was none the less irregular after the filing of a reconventional demand. Jones *v.* Jenkins, 9 Rob. 180.

Thq case must be remanded that the legal representatives of the deceased plaintiff may be made parties. It is unnecessary to pass upon the other questions in the case.

It is therefore ordered that the judgment appealed from be avoided and reversed, and the cause remanded to be proceeded with according to law, and that the appellee pay the costs of the appeal.