## GARLAND v. KEEN

——

(January 25, 1932. Opinion and Decree.)

——

See, also, 18 La. App. 312, 137 So. 343.

Henry L. Garland, of New Orleans, attorney in proper.

St. Clair Adams and St. Clair Adams, Jr., of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, alleging that he was injured as a result of the negligence of Frank M. Keen, Jr., brought this suit against him for damages. A plea of minority was filed on behalf of the defendant, and, before the court could consider the plea, a supplemental petition was

filed by plaintiff in which it was alleged that the cause of action would prescribe in a few days, and that it was necessary to make Frank M. Keen, Sr., the father of the original defendant, a party to the suit as against the possibility that the exception of minority should be maintained. The liability of the elder Keen was based upon familiar codal articles, which charge the father with responsibility for the torts of his minor children. Defendant filed a motion to strike the supplemental petition from the record on the ground that it was an attempt to ingraft a new and distinct suit upon the original petition in contravention of the provisions of Code of Practice, article 419. On January 23, 1931, the plea of minority and the motion to strike were heard before the judge a quo, and thereafter, on February 2, 1931, the plea of minority was maintained and the younger Keen dismissed from the suit, but the motion to strike the supplemental petition from the record denied. The case went to trial on the merits, and resulted in a judgment in plaintiff's favor in the sum of $466.30. Defendant has appealed.

Article 419 of the Code of Practice reads:

"After issue joined, the plaintiff may, with the leave of the court, amend his original petition, provided the amendment does. not alter the substance of his demand by making it different from the one originally brought."

Does the demand presented by the supplemental petition differ from the one originally brought? In the original petition, the plaintiff sets up a cause of action against the younger Keen, alleging that he was negligent in the driving of an automobile and that, due to his negligence, he (plaintiff) was injured. In the supplemental petition the claim is that, for the injuries caused by the younger Keen, the elder is responsible by reason of his liability for the torts of his minor son imposed by the law of Louisiana. The father is not sued as the tutor of his minor son, but directly and personally.

It is argued that amendments to pleadings are regarded favorably and should be allowed in all doubtful cases to the end that a multiplicity of suits may be avoided; the modern tendency being to yield as little as possible to technicalities and to afford aid, as far as practicable, to the filing of amendments which work no injury and prevent useless delays and costs. Davis v. Arkansas Sou. R. Co., 117 La. 320, 41 So. 587. Plaintiff particularly relies upon the case of Eugster & Co. v. La Compagnie Commerciale De Transports, 2 McGloin, 163. In that case it was held that where, in a petition setting up a cause of action in favor of a firm, it is stated, through error, that the firm is composed of one party named, an amendment should be allowed setting forth the true facts of the case, and disclosing the names of all the co-partners. We do not believe the Eugster case very helpful here because there an amendment was permitted so as to properly describe the partnership, which had been sued, and to supplement additional names inadvertently admitted. The partnership had been sued originally, but only a part of its members impleaded. Here, however, if it be conceded that father and son are separate legal entities, as it must be, a third person is, for the first time, introduced into the litigation by supplemental petition and a different cause of action set up. The mere fact that the parties to this litigation are closely related, as close as may be, perhaps, does not alter the fact that each is a separate juridical entity. We are in full sympathy with what our Supreme Court and other appellate courts throughout the land have remarked as to the tendency of mod-

ern procedure to relax its rigidity and formality to the end that litigation may not be unduly delayed, and we would avoid the appearance of indulging in hair-splitting distinctions. But there is a limit beyond which the pressure of this modern tendency must be resisted, lest it defeat its very purpose. It must be admitted that some procedural formality is necessary to the orderly administration of justice, and, however reluctant we may be to cause further delay in the decision of this case on its merits, we feel constrained to uphold defendant's contention, for to do otherwise would, it seems to us, amount to judicial legislation.

In the case of Curacel v. Coulon, 2 Mart. (O. S.) 143, the syllabus of which reads that "a petition shall not be amended by substituting another name," the plaintiff undertook to amend his petition by striking out the name of Curacel and inserting that of Ganeson. The court held that:

"This cannot be done. It would not be amending, but making a new petition, and consequently making a new suit. If that could be allowed, the names of both parties could be changed, consequently an entire new suit substituted. In this way, a party whose right of action was lost by prescription, could, by engrafting his action upon another, brought some time before, deprive the defendant of his right, if he could find any suit standing against him, and obtain the plaintiff's leave to substitute his own name by an amendment; and afterwards, by another, change the nature of the action.

"It is true, parties are often added by leave of the court—but this is very different from substituting a new plaintiff in the room of the original one."

In Stephen Duncan v. John M. Helm, 21 La. Ann. 303, it was held that an amended petition, substituting a new party plaintiff on allegations of ownership, conflicting with the recitals of the original petition, would not be allowed.

Our conclusion is that the defendant, Frank M. Keen, Sr., was improperly impleaded in this case. Consequently, and for the reasons herein assigned, the judgment appealed from is reversed, and it is now ordered that plaintiff's suit be dismissed, without prejudice to any future claim which plaintiff may, in proper form, assert against Frank M. Keen, Sr.