This is an appeal from a judgment maintaining an exception of no right or cause of action.
On June 5th, 1940, plaintiff, Morris Levin, filed suit in the First City Court against the Missouri Pacific Railroad Company for $150, alleged to be due to plaintiff because of damage sustained by a shipment of sewing machines moving over the railroad company's lines. Service was made on the Secretary of State. An exception to the character of the service was maintained, whereupon service was made on K.K. Kennedy at Baton Rouge, Louisiana, who had been designated by the Railroad Company as its agent for the service of process in this State. Counsel for defendant then filed an exception of no right or cause of action and a motion to stay the proceedings. *Page 100 
The exception of no right or cause of action and the motion to stay are based upon the averments and proof, which was admitted without objection, to the effect that the Missouri Pacific Railroad Company had, on March 31st, 1933, filed its petition in bankruptcy under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, in the District Court of the United States for the Eastern District of Missouri, and that, on May 13th, 1933, and November 14th, 1933, orders staying proceedings against the Missouri Pacific Railroad Company, exclusive of certain types of suit, were entered by the court; that a trustee in the person of Guy A. Thompson, was appointed, who operated the property of the Missouri Pacific Railroad Company under the jurisdiction of the bankruptcy court, and that plaintiff's cause of action, which is alleged to have arisen in 1940, was based upon fault alleged to have been committed long after the institution of the bankruptcy proceedings in 1933 and that, consequently, if the plaintiff has any cause of action at all, it is against the trustee, Thompson, and not against the Railroad Company.
Plaintiff relies upon the following provision which appears in the Bankruptcy Statute, U.S.C.A. Title 11, Section 205, Chapter VIII: "* * * Provided, That suits or claims for damages caused by the operation of trains, busses, or other means of transportation may be filed and prosecuted to judgment in any court of competent jurisdiction and any order staying the prosecution of any such cause of action or appeal shall be vacated."
He cites in support of his contention Rodabaugh v. Denney, D.C. 1938, 24 F. Supp. 1011, 39 Am.Bankr.Rep., N.S., 86; Liquid Carbonic Corporation v. Erie Railroad Company, 171 Misc. 969,14 N.Y.S.2d 168, and he claims that "a railroad corporation, in process of reorganization, under Section 77, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 205, sub. b, may be sued away from its domicile, the protests of the Trustee to the contrary notwithstanding. The cases also show that the carrier does not have to be sued in such a manner as evidences the reorganization. This is plaintiff-appellant's identical contention, that defendant-appellee has been brought before this court, in full accordance with the laws and statutes on the subject".
As pointed out by opposing counsel Rodabaugh v. Denney involved a suit which was brought not against the corporation, but against the trustee of the corporation under reorganization in bankruptcy proceedings. In Liquid Carbonic Corporation v. Erie Railroad Company the plaintiff had instituted a suit against the Erie Railroad Company for damages to a shipment of bottling machinery. The railroad went into bankruptcy and secured a stay order under Section 77 of the Bankruptcy Act. The question involved was whether the prosecution of the suit should be stayed and the court held that it was not the character of action which should be affected by the stay order.
The question here is not whether the suit should be stayed because of the order issued by the bankruptcy court in Missouri, because that order could only apply to claims against the corporation, but whether a claim arising against the trustee, during his operation of the railroad, may be prosecuted against the bankrupt corporation. If plaintiff's loss had occurred before the appointment of the trustee and during the time that the property of the railroad was under the administration of its officers, a case would be presented which would call for an interpretation of the stay order of the bankruptcy court, but here, the plaintiff seeks to recover for the alleged negligent handling of a shipment at a time when the railroad company and its officers had been superseded by the trustee. Suit should obviously have been brought against the trustee who was running the railroad at the time.
The serious question in the case is whether the plaintiff should be permitted to amend his petition so as to allege the same ground of action as against the trustee, whom, we were informed by counsel during the argument of the case, has designated an agent within the State upon whom service of process can be made.
In Tarver v. Quinn, 1921, 149 La. 368, 89 So. 216, it was held that if a plaintiff is entitled to an amendment and refused permission below, the appellate court will send the case back with instructions to allow the amendment to be made. Burglass v. Burglass, La.App. 1940, 193 So. 275, and Duncan v. Ashwander et al., D.C., 16 F. Supp. 829, are cases to the same effect.
In Self v. Great Atlantic Pacific Tea Company, 1933,178 La. 240, 151 So. 193, 194, the plaintiff sued a New Jersey *Page 101 
corporation over which the court had no jurisdiction and was permitted to amend so as to bring into court an Arizona corporation. In that case the Great Atlantic and Pacific Tea Company was organized under the laws of Arizona and domiciled in Phoenix. A corporation bearing the same name, organized under the laws of New Jersey, was domiciled in Jersey City. The New Jersey corporation had been authorized to do business in Louisiana where it conducted a chain of retail grocery stores but withdrew on the 21st of November, 1924, turning over its Louisiana properties to the Arizona corporation, a subsidiary, after having given formal notice to that effect to the Secretary of State. The cause of action arose during the regime of the Arizona corporation. The suit was brought against the New Jersey corporation which filed an exception to the jurisdiction, whereupon plaintiff filed a supplemental petition and asked for judgment against both corporations in solido. The Arizona corporation then filed an exception to the jurisdiction of the court and a motion to strike out plaintiff's supplemental petition on the ground that "a new party defendant, and hence a new suit, could not be ingrafted upon a pending suit, particularly when the court did not have jurisdiction over the party originally made defendant in the suit, or over the suit itself". The Court, in an elaborate opinion by the Chief Justice, held that the Arizona corporation could be impleaded in this manner, saying:
"Our opinion is that the judge was right in allowing the supplemental petition to be filed in this case, because it was filed before issue was joined. Article 419 of the Code of Practice declares that, after issue has been joined, the plaintiff may amend his petition, with leave of court, provided he does not make the substance of his demand different from the one originally brought. That has been construed to mean that there is no such restriction on the right of a plaintiff to amend his petition before issue is joined. Brewster v. Saul, 8 La. 296; Lehman Dry Goods Co. v. Lemoine 129 La. 382, 56 So. 324, 325; Tarver v. Quinn, 149 La. 368, 89 So. 216, 220; Commercial National Bank v. Smith, 150 La. 234, 90 So. 581, 583; Kunnes v. Kogos, 168 La. 682, 123 So. 122, 123, 65 A.L.R. 706.
* * * * * *
"`"Art. 357. The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this Code."'
* * * * * *
"The Arizona corporation would have no cause to complain if that corporation had been made a party defendant in the plaintiff's original petition, instead of being brought in by way of the supplemental petition. It is well settled that, when a supplemental petition, or an amendment of a petition, has been properly allowed, it forms a part of the original petition, the same as if there had been no need for the amendment, and (except with regard to questions of prescription) the plaintiff's rights are the same then as if the subject-matter of the amendment had been embodied in the original petition. It was so held in Lanusse v. Massicot et al., 3 Mart. (O.S.) 40; Knight v. Knight, 12 La.Ann. [59] 60; Widow Heirs of George King v. Wartelle 14 La.Ann. 740; and Succession of Justus, 47 La.Ann. [302] 303, 16 So. 841. The rule was stated in Widow Heirs of George King v. Wartelle, and repeated in Succession of Justus, thus:
"`Amendments, when allowed, form part of the pleadings, and plaintiff's demand is precisely what it would have been, had the original and amended petition been filed at the same time' etc. Citing Hennen's Digest, 1182, No. 2; Lenusse v. Massicot, 3 Mart. (O.S.) [40] 41; King's Heirs v. Wartelle, 14 La.Ann. 740."
It is apparent from a consideration of the Self case that emphasis is placed upon joinder of issue, the amendment being permitted before issue joined, the strong implication being that it would not have been allowed otherwise.
It cannot be denied that the Self case comes very close to holding that a different defendant may be impleaded by way of supplemental or amended petition. In fact, it did authorize the plaintiff to substitute the Arizona for the New Jersey corporation by this method and it may be that there would be no harm in the recognition of this maneuver as standard practice, particularly where no question of prescription is involved. The modern tendency is certainly towards the simplification *Page 102 
of pleading, witness the recent Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and the now settled jurisprudence of this State which permits an amendment to a petition which discloses no cause of action (Burglass v. Burglass, La.App., 193 So. 275; Reeves v. Globe Indemnity Company of New York, 185 La. 42, 168 So. 488; Unity Plan Finance Company v. Green, La.App., 148 So. 297) whereas, for many years, it was held, as stated by Judge Provosty, that "a petition which does not show a cause of action is, legally speaking, no petition, and hence cannot be amended". Tremont Lumber Company v. May,143 La. 389, 395, 78 So. 650, 652. But, notwithstanding these trends, which are practically universal, the idea seems a bit revolutionary. For our part, we are not inclined to extend the doctrine of the Self case, beyond the holding that an entirely new suit can be ingrafted on an old one, which, as we have said, was limited to instances where the attempted amendment was made before issue joined.
In Garland v. Keen, 18 La.App. 652, 139 So. 54, this Court held that it was not proper to permit an amendment so as to implead the father of the original defendant by supplemental petition. There we said:
"It is argued that amendments to pleadings are regarded favorably and should be allowed in all doubtful cases to the end that a multiplicity of suits may be avoided; the modern tendency being to yield as little as possible to technicalities and to afford aid, as far as practicable, to the filing of amendments which work no injury and prevent useless delays and costs. * * * We are in full sympathy with what our Supreme Court and other appellate courts throughout the land have remarked as to the tendency of modern procedure to relax its rigidity and formality to the end that litigation may not be unduly delayed, and we would avoid the appearance of indulging in hair-splitting distinctions. But there is a limit beyond which the pressure of this modern tendency must be resisted, lest it defeat its very purpose. It must be admitted that some procedural formality is necessary to the orderly administration of justice, and, however reluctant we may be to cause further delay in the decision of this case on its merits, we feel constrained to uphold defendant's contention, for to do otherwise would, it seems to us, amount to judicial legislation."
In Rex Credit Company v. Alana, 145 So. 19, 20, Justice Higgins, then a member of this Court, said:
"In the instant case the plaintiff * * * undertakes in the same proceeding to sue the defendant, a different party * * *. We, therefore, conclude that the plaintiff has no right or cause of action to proceed by supplemental petition in the manner in which it undertook to do in this case. Consequently the exceptions of no right or cause of action are well founded and we, therefore, sustain them and dismiss plaintiff's demand contained in its supplemental and amended petition."
Plaintiff's counsel insists, however, that the issue has not been joined in this case.
Article 357 of the Code of Practice declares:
"The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this Code."
However, the issue on the right of the plaintiff to bring this suit has been joined and evidence administered under the exception of no right of action which, as Chief Justice O'Niell stated in Jones v. Shehee-Ford Company, 183 La. 293, 163 So. 129, is in reality a special plea directed to the absence of any right in the plaintiff to maintain an action.
We recognize the difficulty which plaintiff has had in his effort to have the question of his right to compensation for the alleged damage to his sewing machines judicially determined, and we hope that he may, without much further effort, accomplish this purpose, for the way to the courts should be easy and convenient to all citizens who believe they have a just claim, but in this instance, we can offer nothing more than our sympathy since we are convinced that the law, which the defendant is equally entitled to invoke for its protection, will not permit us to do more.
For the reasons assigned the judgment appealed from is affirmed.
Judgment affirmed. *Page 103