Plaintiff and appellant, Numa C. Elfer, originally sued Joseph Hurwitz and Victor Mintz, alleging that they were members of a partnership known as Hurwitz-Mintz Furniture Company and that they were indebted to him in the sum of $5,250 as damages for an alleged unlawful ejectment from premises which he occupied under an agreement with the partnership.
Joseph Hurwitz, defendant and appellee, filed an exception of misjoinder of proper parties and also excepted on the ground that there was no partnership composed of Joseph Hurwitz and Victor Mintz. Thereafter, Elfer filed a supplemental petition alleging that Morris and not Victor Mintz was the proper party defendant and asked, and was granted, leave of the Court to change the name of Victor Mintz to that of Morris Mintz. Joseph Hurwitz and Morris Mintz then filed exceptions of misjoinder of proper parties and of no cause or right of action. *Page 417 
The judge of the lower court maintained the exception of no cause or right of action and dismissed plaintiff's suit. From that judgment plaintiff has appealed.
The exception is based upon the ground that members of a partnership may not be sued on a partnership debt during the existence of the partnership unless the partnership is joined.
Plaintiff concedes that the exception was properly maintained, but he contends that the lower court should have allowed him to amend his petition so as to make the partnership a party defendant. We find the following notation of the judge below in the record in regard to the exceptions: "I do not think I have the right to permit the petition to be amended in order to sue the partnership".
It is well settled that members of a partnership cannot be sued alone on a partnership debt during the existence of the partnership.
In Snyder v. Davison, 172 La. 274, 134 So. 89, 91, our Supreme Court said: "Although the Civil Code, article 2872, declares that the members of a commercial partnership are liable in solido for the debts of the partnership, it is well settled that a member of a commercial partnership is not subject to suit for a debt of the partnership, except as a member of the partnership, and that a judgment cannot be obtained against a member of a partnership for a partnership debt, while the partnership exists, except by obtaining also a judgment against the partnership itself. Smith v. McMicken, 3 La.Ann. [319], 322; Key v. Box, 14 La.Ann. 497; Wolf v. New Orleans Tailor-Made Pants Company, 52 La.Ann. [1357], 1366, 27 So. 893; Newman v. Eldridge, 107 La. 315, 31 So. 688; E.B. Hayes Machinery Company v. Eastham, 147 La. [347], 352, 84 So. 898, 901".
In Volume 1 of McMahon's Louisiana Practice, we find the following at page 191: "Since, under the civil law, a partnership is a legal entity, it is now well-settled in Louisiana that during its existence it is a proper party defendant against whom all actions to enforce rights against the partnership must be brought. So far is this rule carried that it is likewise settled that the members of the partnership cannot be sued on a partnership debt during the existence of the partnership unless joined with the partnership itself."
The only question here is whether plaintiff should have been permitted by the judge below to amend his petition so as to make the partnership a party.
In Louisiana a partnership is a legal entity and in contemplation of the law is distinct from the persons who compose it.
In Brinson v. Monroe Automobile Supply Company, 180 La. 1064,158 So. 558, 562, 96 A.L.R. 1206, we find the following: "A partnership, once formed and put into action, becomes, in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil person which has peculiar rights and attributes. The partners are not the owners of the personal partnership property. It belongs to the ideal being, which has the control and administration thereof, to enable it to fulfill its legal duties and obligations. The partners own only the residuum. Smith v. McMicken, 3 La.Ann. [319], 322; New Orleans v. Gauthreaux, 32 La.Ann. [1126], 1128; Succession of Pilcher, 39 La.Ann. 362, 1 So. 929; Raymond v. Palmer, 41 La.Ann. 425, 6 So. 692, 17 Am.St.Rep. 398; Sherwood v. His Creditors, 42 La.Ann. 103, 7 So. 79."
Plaintiff contends that he should be allowed to engraft on his old suit for damages against the defendants, Joseph Hurwitz and Morris Mintz, an entirely new suit against a new defendant, namely the partnership, known as Hurwitz-Mintz Furniture Company. The modern tendency is towards a simplification of pleading and amendments are permitted within reasonable limits.
In Reeves v. Globe Indemnity Company of New York, 185 La. 42,168 So. 488, our Supreme Court overruled the numerous cases holding that a petition which does not show a cause of action cannot be amended.
It is quite another matter, however, to permit a plaintiff, by amendment to his original petition, to implead a new party defendant, previously a stranger to the proceeding. Levin v. Missouri Pacific R. Co., La.App., 2 So.2d 99; Garland v. Keen, 18 La.App. 652, 139 So. 54; Rex Credit Company v. Alana, La.App., 145 So. 19, 20.
In the Alana case, supra, Judge Higgins, who was then a member of this court, said: "In the instant case the plaintiff * * * undertakes in the same proceeding to sue the defendant, a different party * * *. *Page 418 
We, therefore, conclude that the plaintiff has no right or cause of action to proceed by supplemental petition in the manner in which it undertook to do in this case. Consequently the exceptions of no right or cause of action are well founded and we, therefore, sustain them and dismiss plaintiff's demand contained in its supplemental and amended petition."
We are of the opinion that the judgment of the lower court was correct, consequently, and for the reasons herein assigned, it is affirmed.
Judgment affirmed.
JANVIER, J., absent, takes no part.