This is a suit for the balance alleged to be due on the purchase of a motor truck and for various automobile parts and accessories which plaintiff corporation alleges it sold to defendant. The total amount sued for is $208.04. The original petition was filed on September 9th, 1941, judgment being sought against Mike Heck, Sr. It is alleged in that petition that the said Heck *Page 513 
is engaged in business under the trade name "Mike Heck Delivery Service."
On September 19th, 1941, plaintiff filed a supplemental and amended petition in which it averred that it had erroneously made Mike Heck Sr., defendant under the belief that he, individually, owned and operated the business but that it had discovered that the correct defendant should have been the corporation bearing the name "Mike Heck Delivery Service, Inc."
In the supplemental petition plaintiff repeated verbatim the allegations of the original petition and prayed that the judgment which it sought be rendered against the said corporation instead of against Mike Heck, Sr., individually, as originally prayed for.
Both citations and both petitions were served on the same day, September 22d 1941. Service of the original petition was made on Mike Heck Sr., individually, and service of the amended petition was made on the corporation at its place of business, through "Mike Heck, Sr., Pres."
On October 24th, 1941, Mike Heck answered the original petition denying all of the allegations. The corporation excepted to the amended petition on the ground "that respondent cannot be made a party to this suit by supplemental and amended petition." Together with that exception the said corporation, as required by the rules of the First City Court, filed answer in which it denied all of the allegations made by plaintiff.
When the matter was called for trial in the City Court, counsel for defendant corporation stated the contention of the exceptor as follows: "* * * respondent cannot be made a party to this suit by supplemental and amended petition. We contend that if you bring a suit against an individual, you cannot join another."
This exception was overruled, the judge a quo giving the following reasons:
"In this case, the suit was filed on September 9, 1941 by the plaintiff against Mike Heck Sr., doing business as Mike Heck's Delivery Service. The citation was served on the said defendant on September 22, 1941. No exceptions or answer was filed by the said defendant and no issue was joined up to September 19, 1941 whereupon the said plaintiff discovered that the defendant was doing business, not under a trade name but was doing business as a corporation known as Mike Heck's Delivery Service, Inc., whereupon the said supplemental petition was served on the defendant corporation on September 22, 1941 which was the same day that the citation was served on the defendant under the original petition and which citation was null and void and of no effect for the reason that the plaintiff had already filed his supplemental petition before service of the original petition, thereby waiving any and all rights he may have had under the original petition and it was not until October 24, 1941 when the defendant answered the original petition and then as President of the corporation and accepted and answered the supplemental petition.
"The court is of the opinion that since there was no issue joined, and, furthermore, the amendment does not alter the substance of the original demand, the exceptions of the defendant are therefore overruled."
After a trial on the merits, there was judgment for plaintiff against defendant corporation as prayed for and the corporation has appealed.
Whether such an amendment as that which is objected to here, in which there is substituted a new defendant for the defendant named in the original petition, may be filed depends upon whether, at the time of the filing of the amendment, issue has been joined. After issue has been joined, a plaintiff, even with leave of court, may file an amendment only if it "does not alter the substance of his demand by making it different from the one originally brought." C.P. art. 419.
Such a change as that made here may not be made if issue has been joined. Elfer v. Mintz et al., La.App., 7 So.2d 416; Levin v. Missouri Pac. R. Co., La.App., 2 So.2d 99; Garland v. Keen, 18 La. App. 652, 139 So. 54; Rex Credit Co. v. Alana et al., La.App., 145 So. 19; Curacel v. Coulon, 2 Mart., O.S., 143.
On the other hand, in Self v. Great Atlantic § Pacific Tea Co.,178 La. 240, 151 So. 193, 194, the Supreme Court held that a new and different defendant may be substituted for the one originally named if, at the time of the filing of the amendment, issue has not been joined. So that the question to be considered, as we have already said, is whether, at the time of the filing of the amendment, issue had been joined. In determining whether there has been a joinder of issue we must be guided *Page 514 
by Articles 357 and 358 of our Code of Practice. These articles read as follows:
"357. Cause at issue, when. — The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis, pursuant to the provisions of this Code.
"358. Declinatory exception without answer to merits. — When the defendant pleads some declinatory exception, without answering to the merits, there is no issue joined."
In the Self case the Supreme Court based its decision on the fact that the only appearance which had been filed by the defendant was a declinatory exception which, according to Article 358, does not join issue. The court held that since issue had not been joined the supplemental petition might be filed. There the plaintiff alleged that the defendant, the Great Atlantic 
Pacific Tea Company, was a corporation organized under the laws of New Jersey, and was engaged in business in Louisiana. As a matter of fact, there were two separate and distinct corporations bearing the same name "Great Atlantic Pacific Tea Company"; one was organized under the laws of New Jersey and one under the laws of Arizona. The New Jersey corporation did no business in Louisiana and it was that corporation which was named as defendant in the first petition. It filed an exception or plea to the jurisdiction ratione personae contending that since it was not domiciled in Louisiana and did no business here, it could not be sued here. Plaintiff then filed a supplemental petition and served this, together with a new citation and a copy of the original petition, on the other Great Atlantic Pacific Tea Company, which was organized under the laws of Arizona, and which was engaged in business in Louisiana, and service was made on that corporation at its principal place of business in Louisiana. That corporation then filed an exception or plea to the jurisdiction and also a motion to strike out the supplemental petition "on the ground that a new party defendant, and hence a new suit, could not be ingrafted upon a pending suit * * *."
When the matter came before the Supreme Court, the only question presented was whether or not the plaintiff should have been permitted to amend its petition under the circumstances set forth and to substitute as defendant a new and different corporation which had not been named in the original petition. The Supreme Court said:
"Our opinion is that the judge was right in allowing the supplemental petition to be filed in this case, because it was filed before issue was joined. Article 419 of the Code of Practice declares that, after issue has been joined, the plaintiff may amend his petition, with leave of court, provided he does not make the substance of his demand different from the one originally brought. That has been construed to mean that there is no such restriction on the right of a plaintiff to amend his petition before issue is joined. Brewster v. Saul, 8 La. 296; Lehman Dry Goods Co. v. Lemoine, 129 La. 382, 56 So. 324, 325; Tarver v. Quinn, 149 La. 368, 89 So. 216, 220; Commercial Nat. Bank v. Smith, 150 La. 234, 90 So. 581, 583; Kunnes v. Kogos,168 La. 682, 123 So. 122, 123, 65 A.L.R. 706."
As has already been said, the Supreme Court based its decision on the fact that a plea to the jurisdiction rationae personae is, under Art. 334 of our Code of Practice, a declinatory exception for the reason that by it "the exceptor merely declines to submit to the jurisdiction of the judge before whom the suit is brought."
The court said that because of Article 358, which declares that there is no issue joined by the filing of a declinatory exception, issue had not been joined in that case and therefore the amendment might be filed. The rule followed there is not in conflict with that followed in the five other cases which we have cited for in each of them the filing of the supplemental petition was held to have been attempted after the joinder of issue.
Elfer v. Mintz et al., supra, is pointed to as being inconsistent with the views expressed by the Supreme Court in the Self case, but, as we have just said, neither that case nor any one of the others is in conflict with the rule followed by the Supreme Court in the Self case, for in the Elfer case the plea or exception which was filed did have the effect of joining issue. There the plaintiff brought suit against a commercial partnership on a partnership debt. The partnership, itself, was not a party defendant. The individual members of the partnership who had been sued filed exceptions of misjoinder or nonjoinder based on the well settled principle that a judgment may not be obtained against members of a commercial partnership on a partnership debt unless the partnership itself is *Page 515 
made defendant. When these exceptions were filed, plaintiff attempted to file a supplemental petition for the purpose of making the partnership a party defendant. The District Judge held that the supplemental petition could not be filed, saying [7 So.2d 417]:
"I do not think I have the right to permit the petition to be amended in order to sue the partnership."
On appeal, a majority of the court, the author of this opinion not being present, held that issue had been joined by the filing of the exception or plea of nonjoinder and that the amendment had the effect of changing the issue.
A plea of nonjoinder is one of those which must be filed in limine.
In Carolina Portland Cement Co. v. Southern Wood Distillates 
Fiber Co., 137 La. 469, 68 So. 831, 833, the Supreme Court, referring to such a plea or exception, said: "* * * that exception can only be pleaded in limine."
In Rothschild et al. v. Bowers, 2 Rob. 380, the Supreme Court again referring to such an exception, in a syllabus, said:
"An exception that the claim is a joint one against several persons, some of whom have not been made parties, is too late after the case has been remanded for a new trial. It should have been pleaded, before issue joined, on the first trial."
Article 357 of our Code of Practice, as we have already shown, provides that issue is joined by the filing of any exception or plea which is required to be filed in limine litis. It therefore follows that issue is joined by the filing of a plea of nonjoinder. Of course, it follows that, even after issue is joined, amendments which do not change the issue may be filed with the permission of the court. Code of Practice, Art. 419.
In each of the other cases cited, except Curacel v. Coulon, it appears from the report of the case that at the time the plaintiff attempted to file the supplemental petition issue had been joined. We cannot say whether issue had been joined in Curacel v. Coulon for the reported decision contains no statement on that point.
We do not find it necessary to analyze any of those cases. The only principle in which we are interested here is that where issue has not been joined, a new party defendant may be brought into the case. That was clearly held in the Self case and there can be no doubt that in the case at bar issue had not been joined, for whatever may have been the effect of the various pleas filed in all of the cited cases, no plea or appearance of any kind had been filed in the case at bar when the supplemental petition was filed and, therefore, there can be no doubt at all that there had been no joinder of issue.
When we come to consider the facts of the case we find that the defense on the merits is not seriously urged. The trial court was correct in rendering judgment for the plaintiff for the evidence is overwhelmingly in its favor.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.